CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAR 25 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| RONALD L. COSNER, | ) | CASE NO. 7:13CV00110 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| LT. LYALL, ET AL., | ) | |
| | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

Ronald L. Cosner, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 and a motion for a preliminary injunction, alleging he is in danger of being placed in five-point restraints by correctional officers. Upon review of the record, I find that the action must be summarily dismissed for failure to exhaust administrative remedies.

Cosner alleges he was placed in restraints on February 16, 2013 and was forced to go without food, water, medication and use of the bathroom for 28 hours. He claims this incident resulted in his becoming weak, hearing voices due to his mental illness, and soiling himself. He further alleges the restraints were too tight. Plaintiff states that after he complained to the prison administration, he was punished with restraints again and not permitted to get up for over 13 hours. Plaintiff claims he is threatened constantly with restraints and asks for an injunction on the grounds that if he does not receive one, he will be exposed to continued misuse of the restraints.

Cosner states both in a letter accompanying his complaint and in his motion for a preliminary injunction that he filed his complaint and motion prior to exhausting all administrative remedies in the case. He asks the court to grant the preliminary injunction, or in the alternative to hold his complaint until he has finished exhausting his administrative remedies.

The Prison Litigation Reform Act ("PLRA") provides, among other things, that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. Nussle v. Porter, 534 U.S. 516, 524 (2002). This exhaustion requirement applies to "all inmate suits, whether they involve general circumstances or particular episodes, . . . whether they allege excessive force or some other wrong," and whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies. Id. If it is apparent from the face of a complaint that an inmate has not exhausted his administrative remedies, the court may summarily dismiss the action. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005).

It is clear from Cosner's submission that he did not complete all available levels of review under the prison's grievance procedures before filing this action. Because Cosner thus admits on the face of his submissions that he did not comply with the exhaustion requirement of § 1997e(a) as required, I must dismiss his complaint without prejudice for noncompliance with § 1997e(a).

I will also deny the motion for a preliminary injunction, as Cosner's allegations do not demonstrate that he is entitled to such extraordinary relief. "The law is well settled that federal injunctive relief is an extreme remedy." Simmons v. Poe, 47 F.3d 1370, 1382 (4th Cir. 1995). Because a preliminary injunction temporarily affords an extraordinary remedy prior to trial, the party seeking the preliminary injunction must demonstrate that: (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374 (2008). A showing of a "strong possibility" of harm is insufficient, because the standard requires a showing

that harm is "likely." Id. Each of these four factors must be satisfied before interlocutory injunctive relief is warranted. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated by, remanded by, cert. granted, 130 S. Ct. 2371 (2010), reaffirmed in part, remanded by, 607 F.3d 355 (4th Cir. 2010). Because the primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits, interlocutory injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief" and cannot be "availed of to secure a piecemeal trial." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

I find that Cosner has failed to establish that the entry of a preliminary injunction is appropriate. Cosner has not demonstrated any likelihood of irreparable harm if the injunctive relief is denied. Cosner's current motion states merely that he has been threatened with the restraints, which have been used twice since February 16, 2013. He fails to state any facts suggesting that this speculative harm is so imminent that he is entitled to preliminary injunctive relief and for that reason I will deny his motion.

Cosner has also filed a motion to appoint counsel and a motion for leave to proceed in forma pauperis, which are now moot because the complaint is being dismissed without prejudice.

For the reasons stated, I dismiss Cosner's complaint without prejudice, pursuant to § 1997e(a) for failure to exhaust administrative remedies, and deny his motion for a preliminary injunction. An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 25th day of March, 2013.

Senior United States District Judge

3